# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>ALPINE LAND & RESERVOIR CO., *et al*.,<br><br>    Defendants.<br><br>Re: Nevada State Engineer Ruling No. 5791 | Case No. 3:73-cv-00183-LDG<br>Subfile No. 3:73-cv-00202-LDG<br><br>**ORDER** |

In Ruling 5791, issued October 23, 2007, the Nevada State Engineer approved numerous change applications for previously appropriated groundwater in the Carson Valley Hydrographic Basin. The Pyramid Lake Paiute Tribe filed a petition in this Court to appeal Ruling 5791. The Court dismissed the Tribe's petition for lack of jurisdiction because the Court had not adjudicated or awarded the underlying groundwater rights in the *Alpine Decree*. While that decision was pending appeal, the Ninth Circuit ruled, in another petition filed by the Tribe raising the same issue, that the Court has subject matter jurisdiction to hear appeals of State Engineer rulings concerning groundwater rights that

were not adjudicated by this Court "insofar as the allocation of groundwater rights is alleged to affect adversely the Tribe's decreed water rights under Claims No. 1 and 2 [of the *Orr Ditch Decree*]." *United States v. Orr Water Ditch Co.*, 600 F.3d 1152, 1161 (9th Cir. 2010) (hereinafter "*Grand Slam*").  In light of this decision, the parties stipulated to the dismissal of the appeal, and the matter was remanded to this court.

The Tribe now moves this Court to further remand the matter to State Engineer (#33), arguing that the Ninth Circuit's decision in *Grand Slam* reversed the State Engineer's legal conclusion as it applies to the Tribe's *Orr Ditch* decreed surface water rights.  The State Engineer and the real parties in interest, the Town of Minden and Douglas County, oppose (## 44, 45, 48).

Minden moves to dismiss this matter (#34), arguing that the Tribe cannot, as a matter of law, plausibly allege that its *Orr Ditch* Claims No. 1 and No. 2 decreed water rights are adversely affected by the State Engineer's decision.  Douglas County and the State Engineer join Minden in its motion (## 36, 37).  The Tribe opposes (#52).

The State Engineer also moves to dismiss (#41), arguing that the final decision in the Tribe's state court appeal of Ruling #5791 precludes the Tribe from re-litigating the finding that Ruling #5791 does not adversely impact the flow of the Carson River, and thus precludes the Tribe from showing that Ruling #5791 will adversely affect its *Orr Ditch* decreed water rights.  Minden and Douglas County join the State Engineer in his motion (## 43, 49).  The Tribe opposes (#53).

Having considered the arguments of the parties, the Court will grant the State Engineer's motion to dismiss, and will deny the Tribe's motion to remand and Minden's motion to dismiss as moot.

Background

The United States initiated the *Orr Ditch* litigation in 1913 to quiet title to water rights in the Truckee River system. In the resulting *Orr Ditch Decree,* this Court awarded the

1  Tribe water rights under Claims No. 1 and No. 2, and awarded water rights to the United
2  States under Claim No. 3.  Pursuant to Claim No. 3, water can be diverted from the
3  Truckee River at Derby Dam, then transported through the Truckee Canal for the irrigation
4  of land in the Newlands Reclamation Project, for storage in the Lahontan Reservoir, for
5  cities and towns in the Project, and for other purposes.  With a priority date of December 8,
6  1859, the Tribe's Claims No. 1 and No. 2 water rights are senior to the Claim No. 3 water
7  right, which has a July 2, 1902 priority date.
8        In addition, in 1998, the State Engineer awarded the Tribe the right to all water
9  remaining in the Truckee River *after* all *Orr Ditch Decree* and other water rights are
10 satisfied.  The Tribe's 1998 water rights are based on Nevada law, rather than on the *Orr*
11 *Ditch Decree*.
12       The United States initiated the *Alpine* litigation in this Court in 1925 to quiet title to
13 water rights in the Carson River system.  The resulting *Alpine Decree* included the award
14 and adjudication of surface water rights to be used in the Newlands Reclamation Project.
15       As previously noted, the Nevada State Engineer approved numerous change
16 applications concerning groundwater rights in the Carson Valley Hydrographic Basin in
17 Ruling 5791.  The Tribe petitioned this Court to reverse Ruling 5791 "to the extent that
18 Ruling is adverse to the Tribe."  In its petition, the Tribe further asserted that Ruling 5791
19 "will injuriously affect the Tribe's interests because the Ruling, if upheld, would enable [the
20 applicants] to receive water to which they are not legally entitled, and thereby diminish the
21 waters of the Carson River available to the Newlands Project, and therefore increase the
22 flow of the Truckee River diverted to the Newlands Project and away from the lower
23 Truckee River and Pyramid Lake."
24       In addition to petitioning this Court to review Ruling 5791, the Tribe filed a similar
25 petition seeking review of Ruling 5791 in state court.  While this matter was pending appeal
26 before the Ninth Circuit, the Ninth Judicial District Court of the State of Nevada heard

decided the Tribe's state petition on its merits, affirming the decision of the State Engineer. As relevant to the present proceeding, the state district court specifically held that "there is substantial evidence in the record showing that approval of these applications would not impact the flow on the Carson River." The Tribe untimely appealed the lower court's ruling to the Nevada Supreme Court, which dismissed the appeal as untimely.

Analysis

Initially, the Court must note that, in light of the Ninth Circuit's recent decisions, this matter (and future similar matters) should have been filed as a petition for review in the *Orr Ditch* litigation. In *Grand Slam*, the Ninth Circuit held that the *Orr Ditch Decree* protects the Tribe's *Orr Ditch* decreed water rights under Claims No. 1 and No. 2 from diminution from the allocation of groundwater rights not adjudicated by the *Orr Ditch Decree.* 600 F.3d at 1160. As recognized by the Ninth Circuit, any allocation of groundwater rights by the State Engineer that allegedly adversely affects the Tribe's *Orr Ditch* decreed water rights must, pursuant to N.R.S. §533.450(1), be reviewed by the court that entered the decree. In such an appeal, this court can be asked only a single question: "Will the Engineer's allocation of groundwater rights adversely affect the Tribe's rights under the Decree?" *Id.* If the allocation will adversely affect the Tribe's *Orr Ditch* Claims No. 1 and No. 2 decreed rights, the Court can only instruct the State Engineer to reduce the allocation by an amount sufficient to eliminate the adverse impact. The Court cannot instruct the State Engineer how to allocate the groundwater, but merely to reduce the amount allocated to protect the Tribe's *Orr Ditch* decreed water rights.

The Ninth Circuit subsequently applied its holding from *Grand Slam* to a petition for review filed by the Tribe in the *Alpine* litigation: *United States v. Alpine Land & Reservoir Co.*, 385 Fed.Appx. 770 (9th Cir. 2010) (the "*Dayton Valley*" decision). *Dayton Valley* concerned an allocation of groundwater rights that the Tribe alleged would deplete the flows of the Carson River, which would require an increased diversion of Truckee River

4

water, which would adversely impact the Tribe's *Orr Ditch* decreed water rights.  The Tribe filed its petition in the *Alpine* litigation.  This Court dismissed the Tribe's petition for lack of jurisdiction.  On appeal, the Ninth Circuit held that, "consistent with our holding in [*Grand Slam*], subject matter jurisdiction exists over the Tribe's appeal from State Engineer's Ruling 5823 only insofar as the allocation of Dayton Valley Hydrographic Basin groundwater rights is plausibly alleged to affect adversely the Tribe's decreed water rights under the Orr Ditch Decree."  *Id.*, at 772 (emphasis added).

In sum, the *Grand Slam* and *Dayton Valley* decisions establish that this Court's subject matter jurisdiction to review a State Engineer's decision regarding non-decreed groundwater rights exists only insofar as the decision adversely affects the Tribe's *Orr Ditch* decreed water rights.  Further, pursuant to N.R.S. §533.450(1) and as instructed in *Grand Slam*, such review must be performed by the *Orr Ditch Decree* court.  Although the Tribe alleges that Ruling 5791 will deplete the flow of water in the Carson River, and although this Court adjudicated the Carson the river system in the *Alpine Decree*, nevertheless, this Court's subject matter jurisdiction (to review a State Engineer's decision regarding groundwater rights not adjudicated in either the *Orr Ditch* or *Alpine Decrees*) arises from the alleged adverse impact upon the Tribe's *Orr Ditch* decreed water rights.  Accordingly, the present petition for review should have been filed in the *Orr Ditch* litigation, for it is only pursuant to the *Orr Ditch Decree* that the Court has authority to instruct the State Engineer to reduce the allocation of groundwater rights for the purpose of protecting the Tribe's *Orr Ditch* decreed water rights.  Nevertheless, as the Court will be granting the State Engineer's motion to dismiss, the filing of this matter in the *Alpine* litigation is immaterial.

Issue Preclusion

The parties agree that, pursuant to the Full Faith and Credit Act, 28 U.S.C. §1738, this Court must give preclusive effect to an issue actually litigated and determined by a valid final state judgment to the same extent that the state's courts would be bound to give

preclusive effect. The parties further agree that Nevada has developed a four-factor analysis to determine whether issue preclusion applies to bar re-litigation of the issue in subsequent litigation: (1) the original and subsequent actions must present identical legal or factual issues, (2) the original action must have concluded with a final ruling on the merits, (3) the party against whom issue preclusion is applied in the subsequent case must have been a party to the original case, and (4) the issue to be precluded must have been actually and necessarily litigated in the original case. *Five Star Capital Corp. v. Ruby*, 194 P.3d 709, 713-14 (2008). The Tribe disputes whether the State Engineer has shown the first, second, and fourth factors. (The Tribe implicitly concedes that it was a party to the original case.)

The "original action" is the Tribe's state court petition to review Ruling 5791. The present matter is the "subsequent action."

The Tribe's state court petition and its petition to this Court present an identical, material issue of fact: whether approval of the applications would diminish the flow of the Carson river. The Tribe raised this issue in its protest to the applications. As summarized by the State Engineer in Ruling 5791:

> The central issue raised by the Tribe's protests is its assertion that the permitted and certificated ground-water rights in the Carson Valley Hydrographic Basin far exceed the estimated perennial yield, and as such, the pumping of ground water is or will be taking Carson River surface water that is claimed by senior water right holders in the Newlands Project; thus the use of ground water is impacting existing rights.

This issue of fact is identical in both motions. In its present petition (over which the Court has jurisdiction only to the extent that the Tribe plausibly alleges an injury to its *Orr Ditch* decreed water rights), the Tribe alleges that it is injured by Ruling 5791 because, by allowing the applicants to receive water to which they are not entitled, the ruling diminishes the flow of the Carson River to the Newlands Project, requiring an increase diversion of the Truckee River to the Newlands Project, thus diminishing the flow of water to the lower

6

Truckee River and to Pyramid Lake.  The Tribe used identical language in its state petition. Thus, both the state petition and the present petition present the identical issue whether the approval of the change applications in Ruling 5791 will "diminish the waters of the Carson River available to the Newlands Project."

The Tribe's argument that *Grand Slam* establishes that the state court and this court lack jurisdiction to review the same issues presented by the Tribe's appeals of Ruling 5791 is incorrect because it is incomplete.  The Tribe correctly notes that, pursuant to *Grand Slam,* this Court's jurisdiction is limited to reviewing whether Ruling 5791 will harm the Tribe's federally decreed water rights.  Further, the Tribe correctly notes that, as recognized in *Grand Slam*, the state court's jurisdiction is limited to reviewing whether Ruling 5791 will harm the Tribe's state decreed water rights.  The Ninth Circuit, however, did not hold or otherwise suggest in *Grand Slam* that every issue of law or fact that must be considered by each court, in its exercise of its respective and distinct jurisdiction, will be different from every issue considered by the other court.  Indeed, the present matter provides a concrete example of an identical issue present in both petitions.  As alleged by the Tribe in its state petition, Ruling 5791 will injure its state decreed water rights because, if upheld, the ruling will result in a diminished flow of the Carson River.  As alleged by the Tribe in the present federal petition, Ruling 5791 will injure its federally-decreed water rights because, if upheld, the ruling will result in a diminished flow of the Carson River. Thus, both petitions, which the Tribe has filed in two distinct courts exercising distinct jurisdictions in order to protect distinct water rights, present the identical issue whether upholding Ruling 5791 will diminish the flow of the Carson River.

Further, the first factor of the issue preclusion analysis does not require a finding that every issue presented in both actions is identical.  Rather, the first factor only requires a determination whether the issue to be precluded was identical in both actions.

7

The original action concluded with a final decision on the merits. As the Tribe did not timely appeal the decision of the state district court, the state district court's decision is final. The Tribe argues that this factor is not satisfied because the state court's decision did not conclude with a final ruling on the merits of <u>every</u> issue presented by th Tribe's appeal. The argument fails because the factor does not look to whether the final ruling was entered on the merits as to every issue, but only whether the final ruling was entered on the merits. As the state district court's final ruling was on the merits, this factor supports a finding of issue preclusion.

Finally, an analysis of the fourth factor supports issue preclusion. The state court's decision denying the Tribe's petition establishes that the issue whether approval of the applications would diminish the flow of the Carson River was actually and necessarily litigated. As conceded by the Tribe, the state district court held that "there is substantial evidence in the record showing that approval of these applications would not impact the flow on the Carson River." While the Tribe notes that this holding was summary, the holding was nevertheless on the merits of the issue whether approval of the applications would diminish the flow of the Carson River. Further, this issue was necessarily litigated. To establish a redressable injury to its state decreed Truckee River water rights, (and as alleged by the Tribe in its state court petition), the Tribe was required to first establish that the approval of the applications would diminish the flow of the Carson River.

As both the Tribe's state petition and its current federal petition present the identical issue whether approval of the applications would diminish the flow of the Carson River, and as the Tribe's state petition concluded with a final ruling on the merits, and as the Tribe is a party to both its state petition and its current federal petition, and as the issue whether the approval of the applications would diminish the flow of the Carson River was actually and necessarily litigated in the state petition, the Court concludes that the doctrine of issue preclusion bars the Tribe from re-litigating whether substantial evidence supports the State

1  Engineer's finding that the approval of the applications would not diminish the flow of the
2  Carson River.  Rather, this Court must give full faith and credit to the state court's finding
3  that substantial evidence supports the State Engineer's conclusion that the approval of the
4  applications will not adversely impact the flow of the Carson River.  As the State Engineer's
5  approval of the applications will not impact the flow of the Carson River, the Tribe is
6  precluded from plausibly alleging or showing an injury to its federally-decreed Truckee
7  River water rights.  As this Court has subject matter jurisdiction over the Tribe's federal
8  petition only insofar as the Tribe can plausibly allege that Ruling 5791 injures the Tribe's
9  *Orr Ditch* water rights, and as the Tribe cannot plausibly allege an injury to its *Orr Ditch*
10 water rights, the Court holds that it lacks subject matter jurisdiction over the Tribe's petition
11 appealing Ruling 5791.

12      Therefore, for good cause shown,

13      THE COURT **ORDERS** that the Nevada State Engineer's Motion to Dismiss (#41),
14 in which Douglas County and the Town of Minden have joined (## 43, 49), is GRANTED.
15 The Pyramid Lake Paiute Tribe's Petition for Review of Nevada State Engineer Ruling No.
16 5791 is DISMISSED for lack of subject matter jurisdiction.

17      THE COURT FURTHER **ORDERS** that the Pyramid Lake Paiute Tribe's Motion to
18 Remand (#33) is DENIED as moot.

19      THE COURT FURTHER **ORDERS** that the Town of Minden's Motion to Dismiss
20 (#34) is DENIED as moot.

22  DATED this ____ day of June, 2011.

Lloyd D. George
United States District Judge

9